**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff** | |
| vs. | **NO. 5:05-CV-047 (CWH)** |
| **$35,000.00 IN UNITED STATES CURRENCY, MORE OR LESS,** | |
| **Defendant** | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| **ALPHONSO WATT,** | |
| **Claimant** | |

## FINAL ORDER OF FORFEITURE

The parties having filed a joint motion seeking a final order of forfeiture, and it appearing that process was fully issued in this action and returned according to law, the Court makes the following findings of fact and conclusions of law:

1. On February 11, 2005, Plaintiff United States of America filed a Verified Complaint for Forfeiture against the defendant currency. The Complaint alleges that the defendant currency constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 881(a)(6).

2. Pursuant to a Warrant of Arrest issued on or about February 15, 2005, the United States Marshals Service for the Middle District of Georgia arrested and seized the defendant currency on or about February 15, 2005.

3. The United States perfected service of process of this action on potential claimant Alphonso Watt on February 15, 2005 by mailing via certified mail, return receipt requested a copy of the Summons and Verified Complaint For Forfeiture, Warrant of Arrest In Rem, Motion for Service By Publication, Proposed Order for Service by Publication and Notice of Forfeiture to his counsel of record, to-wit: Xavier C. Dicks, 4820 Redan Road, Suite B, Stone Mountain, Georgia.

4. Notice of this action was published in The Houston Home Journal, Perry, Georgia, March 10 through March 24, 2005.

5.  On March 11, 2005, Claimant filed a timely Answer.

6.  Pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims and a Notice of Forfeiture issued for the defendant property, all claimants were required to file their claims with the Clerk of the Court within thirty days of the execution of the notice and either publication of notice or provision of direct notice of this action, whichever occurred first.

7.  Other than the answer filed on behalf of Claimant, no other claims or answers have been filed in this case and the time for filing claims and answers has expired.

8.  This Court finds that Claimant no longer contests the forfeiture of the defendant currency; although Claimant continues to maintain that these were legally obtained funds with no connection to drugs or the drug trade.  The Claimant continues to maintain that the seized monies were the proceeds of a concert Claimant had assisted in promoting.  While Claimant was unable to coordinate the production of supporting documentation and witnesses, he continues to maintain the means by which the monies were obtained were related to his legal business of concert promoting.

9.  Plaintiff had probable cause to commence this action against the defendant currency, and to seize the defendant currency.

THEREFORE, IT IS HEREBY ORDERED,

All right, title, and interest of Claimant Alphonso Watt in the defendant currency is hereby forfeited to the United States.

All other right, title, and interest in the defendant currency is hereby forfeited to and vested in the United States, which shall have clear title to this property and may warrant good title to any subsequent transferee.

The United States Attorney General or his authorized designee shall dispose of this property in accordance with the law, see 21 U.S.C. § 881(e).

SO ORDERED AND DIRECTED, this 10th day of MAY, 2006.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE